UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

BILLY ARNOLD,

    Defendant.

_____/

Case No. 15-20652-01

Hon. GEORGE CARAM STEEH

**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF OTHER BAD ACTS**

Defendant BILLY ARNOLD, by his attorney, MARIA MANNARINO, moves this Honorable Court to exclude any evidence of any other alleged bad acts of the Defendant not charged in the Fifth Superseding Indictment, nor identified as Overt Acts in the Indictment, and in support states:

1) Defendant Billy Arnold is currently charged in 31 Counts of a 21-Defendant, 35-Count, Fifth Superseding Indictment. The Defendant is charged with:

2) Count One: 18 USC 1962(d): RICO Conspiracy;

3) Counts Four and Sixteen: 18 USC 1959(a)(1); 2: Murder in Aid of Racketeering;

4) Count Five: 18 USC 924(c); 924(j); 2: Use of Firearm in Furtherance of a

1

Crime of Violence Causing Death;

5) Counts Six through Eight, Thirteen, Eighteen through Twenty, Twenty-five, and Twenty-eight: 18 USC 1959(a)(5); 2: Attempted Murder in Aid of Racketeering;

6) Counts Nine through Eleven, Fourteen, Twenty-one through Twenty-three, Twenty-six, Twenty-nine and Thirty: 18 USC 1959(a)(3); 2: Assault with a Dangerous Weapon in Aid of Racketeering;

7) Count Twelve, Fifteen, Seventeen, Twenty-four, Twenty-seven, Thirty-one, and Thirty-two: 18 USC 924(c); 2: Uses and Carry of a Firearm During, and in Relation to, a Crime of Violence; and

8) Count Thirty-three: 18 USC 922(g)(1): Felon in Possession of a Firearm.

9) The Indictment also lists 118 Overt Acts; Defendant Billy Arnold is named in 21 separate Overt Acts, ranging in time from November 7, 2013 through September 26, 2015;

10) The Government has not provided any pretrial notice pursuant to FRE 404b, of any intent to offer evidence of other bad acts;

11) However, based on a review of Discovery materials, and a communication with the Assistant United States Attorney, Defendant Arnold believes the Government may attempt to introduce evidence of other uncharged acts, or

acts not identified in the Indictment as Overt Acts;

12) Specifically, Defendant believes the Government may attempt to introduce evidence of a 2007 conviction of the Defendant, not charged in the indictment, nor identified as an Overt Act;

13) Defendant believes such evidence is sought to be used as evidence of criminal propensity and precluded by FRE 404 and 403.

14) Defendant requests that this Court preclude the Government's use of any evidence of acts not charged in the indictment, or identified as Overt Acts.

15) The Defendant further requests that this Court Order the Government to identify any other acts the Government will seek to introduce that are neither charged in the Indictment, nor identified as Overt Acts.

16) Defendant has sought the concurrence of the Government in his Motion; such concurrence has been denied.

WHEREFORE, Defendant respectfully prays that the Court grant his Motion.

Respectfully Submitted,

*s/ Maria Mannarino*
Maria Mannarino P39531
431 Gratiot
Detroit, MI  48226
Telephone: (248) 761-7347
mmannarino@comcast.net

Dated: December 11, 2017

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

BILLY ARNOLD,

    Defendant.
_____/

Case No. 15-20652-01

Hon. GEORGE CARAM STEEH

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION**

Under Rule 404(b), "other acts" evidence is not admissible to prove the character of a person in order to show action in conformity therewith. The threshold inquiry a Court must make before admitting similar acts evidence under the rule is whether that evidence is probative of a material issue other than character. United States v. LaVictor, 848 F.3d 428 (6th Cir. 2017); Huddleston v. United States, 485 U.S. 681 686 (1988). These principles are based on the presumption of innocence and the recognition that "[i]t is fundamental to American jurisprudence that 'a defendant must be tried for what he did, not for who he is.'" United States v. Foskey, 636 F.2d 517, 523 (D.C. Cir. 1980). "The exclusion of bad acts evidence is founded not on a belief that the evidence is irrelevant, but rather on a fear that juries will tend to give it excessive weight, and on a fundamental sense that one should be convicted of a crime

4

based on his or her previous misdeeds." United States v. Daniels, 770 F.2d 1111, 1116 (D.C. Cir. 1985).

Courts undertake an analysis to determine admissibility in the context of Rule 404(b). In order to admit prior bad acts evidence, a district court must conclude that the evidence is offered for a legitimate purpose. "To determine whether the proffered evidence is admissible for a proper purpose, the trial court must decide 'whether that evidence is probative of a material issue other than character.'" United States v. LaVictor, supra, citing United States v. Bell, 516 F.3d 432, 441-432, 441-42 (6th Cir. 2008), and United States v. Carney, 387 F.3d 434, 451 (6th Cir. 2004). See also United States v. Clarke, 24 F.3d 257, 264 (D.C. Cir. 1994).

"Evidence of other acts is probative of a material issue other than character if (1) the evidence is offered for an admissible purpose, (2) the purpose for which the evidence is offered is material or 'in issue,' and (3) the evidence is probative with regard to the purpose for which it is offered. See United States v. LaVictor, supra, citing United States v. Rayborn, 495 F.3d 328, 342 (6th Cir. 2007).

Finally, if the Court deems the evidence to be relevant it will still be excluded under Rule 403 if its probative value is "substantially outweighed by the danger of unfair prejudice."

Defendant asserts that the proffered evidence, of a bad act committed when the

Defendant was a teenager, and nearly a decade prior to his arrest in the instant case, cannot satisfy the requirements for admissibility, and ought to be excluded.

Further Defendant Billy Arnold requests that this Court Order the Government to provide notice of any other bad acts they seek to introduce, and which are not charged in the indictment, nor identified as Overt Acts, so that proper inquiry and challenges can be made pursuant to FRE 404b and FRE 403.

Wherefore, for these reasons, and any such reasons that shall appear to the Court, the Defendant, Billy Arnold, respectfully requests that his motion be granted.

> Respectfully submitted,
> *s/ Maria Mannarino*
> Maria Mannarino P39531
> 431 Gratiot
> Detroit, MI  48226
> Telephone: (248) 761-7347

Dated: December 11, 2017

## CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2017, I electronically filed the foregoing paper with the clerk of the Court using the ECF system, which will send notification of such filing to the following:

> Christopher Graveline
> Assistant United States Attorney
> United States Attorney's Office
> 211 W. Fort St., Suite 2001
> Detroit, MI  48226

> *s/ Maria Mannarino*
> Maria Mannarino P39531