UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,   CRIM. NO. 15-20652

        Plaintiff,   HON. GEORGE CARAM STEEH

v.

D-1 BILLY ARNOLD,

        Defendant.
_____/

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO EXCLUDE EVIDENCE OF OTHER BAD ACTS**

The United States of America, by and through its undersigned attorneys, responds to defendant's motion to exclude evidence of other bad acts pursuant to Rule 404(b) of the Federal Rules of Evidence (Fed.R.Evid.) (Docket Entry (DE) 772) as follows:

1. The defendant, along with his co-defendants, are charged in the Fifth Superseding Indictment with racketeer influenced corrupt organization (RICO) – conspiracy, in violation of 18 U.S.C. § 1962(d).

2. The defendant has moved for this Court to exclude "any evidence of acts not charged in the indictment, or identified as Overt Acts."

1

3. Additionally, the defendant requests that the Court order the government to identify any "other acts" the government intends to introduce that are not identified currently in the indictment language.

4. First, the government does not intend to admit any evidence pursuant to Fed.R.Evid. 404(b).

5. As to the defendant's request to identify any other acts the government intends to offer beyond those acts identified in the indictment, that request is tantamount to a request for a bill of particulars. The government has provided discovery material to the defendant that outlines a number of actions of the defendant, which are within the scope of his involvement with the charged enterprise. It is black-letter law that a defendant is not entitled to a bill of particulars with respect to information that is available through other sources, including discovery. *See United States v. Paulino*, 935 F.2d 739, 750 (6th Cir. 1991), *superseded on other grounds by statute; United States v. Piccolo*, 723 F.2d 1234, 1240 (6th Cir. 1983) (bill of particulars denied because the defendant received all of the information in the possession of the government through discovery); *United States v. Cox*, 2012 WL 6568088, at *1 (E.D. Mich. Dec. 14, 2012).

For these reasons, the government respectfully requests that this Court deny defendant's motion to exclude or for a listing of "other acts."

Respectfully submitted,

                                      DANIEL L. LEMISCH
                                      ACTING UNITED STATES ATTORNEY

Dated: December 27, 2017      /s/ Christopher Graveline
                                      Christopher Graveline (P69515)
                                      Assistant United States Attorney
                                      Justin Wechsler
                                      Julie Finocchiaro
                                      Trial Attorneys
                                      211 Fort Street
                                      Suite 2001
                                      Detroit, MI 48226
                                      (313) 226-9155
                                      christopher.graveline2@usdoj.gov

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,   CRIM. NO. 15-20652

        Plaintiff,   HON. GEORGE CARAM STEEH

v.

D-1 BILLY ARNOLD,

        Defendant.
_____/

**BRIEF IN SUPPORT OF RESPONSE IN OPPOSITION TO
RESPONSE TO DEFENDANT'S MOTION TO
<u>EXCLUDE EVIDENCE OF OTHER BAD ACTS</u>**

## ARGUMENT

In racketeering cases, courts routinely admit evidence of crimes or other acts not specifically charged against a defendant. Such evidence is not admitted pursuant to Rule 404(b), but instead is admitted to show the existence of the enterprise, the racketeering conspiracy and its objectives, and how a particular defendant acted with intent to further or facilitate the criminal endeavor. *See*, *e.g.*, *United States v. Fowler*, 535 F.3d 408, 422 (6th Cir. 2008) (finding that the evidence regarding another crime did not implicate Rule 404(b) because "it was properly admitted as evidence of his guilt because it tended to show Fowler's membership in the conspiracy" and that he "acted with the intent of furthering or facilitating the criminal endeavor") (internal quotations omitted); *United States v. Garland*, 2008 WL 2939507, *9 (6th Cir. Aug. 1, 2008) (finding that testimony regarding the disappearance of an individual was not Rule 404(b) evidence, but was testimony that "tended to prove the existence of the RICO enterprise alleged by the government").

"Rule 404(b) is not implicated when the other crimes or wrongs evidence is part of the continuing pattern of illegal activity." *United States v. Barnes*, 49 F.3d 1144, 1149 (6th Cir. 1995). Indeed, "[b]ad acts by other participants in a common scheme are admissible 'as long as they constitute part of the same criminal episode, whether or not a conspiracy is charged, and as long as independent evidence ties the defendant to that

scheme.'" *United States v. Arbelaez-Agudelo*, 19 Fed. Appx. 203, 207 (6th Cir. 2001) (*quoting United States v. Toney*, 161 F.3d 404, 413-14 (6th Cir. 1998)); *see also United States v. Norwood*, 2014 WL 1870809, *3 (E.D. Mich. May 9, 2014) ("Rule 404(b) is not implicated when the evidence of other crimes is part of a continuing pattern of illegal activity, such as in a RICO conspiracy case .... Courts permit the admission of such evidence because it may tend to show membership in an enterprise by demonstrating that the defendant had the intent to further or facilitate the enterprise") (internal citations omitted).

Thus, since Rule 404(b) and its requirements is not implicated, the defendant is essentially seeking a bill of particulars as to how the government will prove Count One as to him. However, there is no basis for a bill of particulars in this case or for that charge. First, information that the defendant seeks is already available in the discovery produced by the government. It is black-letter law that a defendant is not entitled to a bill of particulars with respect to information that is available through other sources, including discovery. *United States v. Paulino*, 935 F.2d 739, 750 (6th Cir. 1991), *superseded on other grounds by statute; United States v. Piccolo*, 723 F.2d 1234, 1240 (6th Cir. 1983) (bill of particulars denied because the defendant received all of the information in the possession of the government through discovery); *United States v. Cox*, 2012 WL 6568088, at *1 (E.D. Mich. Dec. 14, 2012). Moreover, this is not a case of a bare-boned indictment that enunciates just the basic elements of the crimes charges. The

fifth superseding indictment is very detailed – describing at length the racketeering enterprise alleged and, in the overt act section of Count One, the types of evidence the government intends to offer in proving the charges, i.e. drug arrests and seizures, shootings, social media posts, text messages, and rap videos.  Additionally, the government has provided thousands of pages of discovery, including now the early Jencks disclosure, to the defendant months and weeks prior to trial.  These disclosures will afford the defendant with even more information as to the evidence the government intends to offer in support of the racketeering acts set forth in the indictment.  In the end, the defendant's motion is a thinly-veiled attempt to obtain the government's evidence and trial theories under the guise of a bill of particulars.

It has long been recognized that a bill of particulars may not be employed to compel the government to provide essential facts regarding the existence and formation of the conspiracy, including overt acts, or the precise roles the defendant and his co-conspirators played in forming and executing the conspiracy.  *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993) ("a defendant is not entitled to discover all the overt acts that might be proven at trial"); *United States v. Litman*, 547 F. Supp. 645, 654 (W.D. Pa 1982)("[i]t is not necessary for the Government to disclose in a bill of particulars the precise details of the roles the defendant and his co-conspirators allegedly played in forming and executing the conspiracy, or all the overt acts the Government will prove at trial in establishing the conspiracy."); *United States v. Rosenthal*,

793 F.2d 1214, 1227 (11th Cir. 1986) (bill of particulars cannot be used to compel facts regarding the existence and formation of the conspiracy). Similarly, the defendant cannot use a bill of particulars to require the government to disclose with whom they agreed and when. *United States v. Rey*, 923 F.2d 1217, at 1222 (6th Cir. 1991) (denying bill of particulars, stating that "it is the grand jury's statement of the 'existence of the conspiracy agreement rather than the identity of those who agree' which places the defendant on notice of the charge he must be prepared to meet"); *United States v. Crayton*, 357 F.3d 560, 568 (6th Cir. 2004); *United States v. Blaney*, 2012 WL 553558, at *2 (E.D. Mich. Feb. 21, 2012).

Finally, even if the fifth superseding indictment does not detail each act the government may present evidence on, it clearly alleges the charges against him. The fact that the defendant may wish the government to cull through the discovery and specifically list each act it will present evidence on does not constitute sufficient grounds to grant his request for a bill of particulars. To hold otherwise would effectively, "severely narrow the government's latitude in presenting evidence." *Salisbury,* 983 F.2d at 1375. In fact, once a bill of particulars is filed, it confines the government's evidence to the particulars furnished, and therefore restricts the government's proof. *United States v. Haskins*, 345 F.2d 111, 114 (6th Cir. 1965). The courts in ruling on a bill of particulars should accordingly balance the defendant's need for the information against the effect of narrowing the government's scope of proof.

8


The balance, in this case, should tip decidedly in favor of the government, where the government has specifically alleged the elements of the offenses charged, thereby fairly "informing the defendant of the charge against which he must defend himself, and enabling the defendant to plead an acquittal or conviction in bar of future prosecutions for the same offense as required by firmly established precedent."  *United States v. Maney*, 226 F.2d 660, 663 (6th Cir. 2000); *Hamling v. United States,* 418 U.S. 87, 117 (1974).   The defendant would be hard-pressed to argue otherwise.  Furthermore, the defendant should not be uncertain of the allegations, especially where the government has provided the defendant with voluminous Rule 16 discovery throughout the litigation to date and with early Jencks disclosures weeks before any eventual trial in this case.

## **CONCLUSION**

For these reasons, the government respectfully requests that the court deny the defendant's motion to exclude or for a listing of "other acts."

                Respectfully submitted,

                DANIEL L. LEMISCH
                ACTING UNITED STATES ATTORNEY

Dated: December 27, 2017      /s/ Christopher Graveline
                Christopher Graveline (P69515)
                Assistant United States Attorney
                Justin Wechsler
                Julie Finocchiaro
                Trial Attorneys

211 Fort Street
Suite 2001
Detroit, MI 48226
(313) 226-9155
christopher.graveline2@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 27, 2017 I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

                        /s/ Christopher Graveline
                        Christopher Graveline
                        Assistant United States Attorney