UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

D-5 QUINCY GRAHAM

    Defendant.
_____/

Case No. 15-20652

HON. GEORGE CARAM STEEH

## **ORDER DENYING MOTION TO DISMISS COUNT 32 [DOC. 740]**

This matter is before the court on defendant Quincy Graham's motion to dismiss Count 32 pursuant to Fed. R. Crim. Proc. 12(b)(3)(B). The motion has been joined in by defendants Adams, Arnold, Gooch, Rogers, Patterson, Robinson, Bailey, Porter and Hicks [docs. 741, 743, 744, 745, 748, 749, 750, 751 and 760]. The motion has been briefed and the court heard oral argument on January 4, 2017.

Graham and the joining defendants ("defendants") are charged in Count I: RICO Conspiracy, 18 U.S.C. § 1962d, and Count 32: Possession of a Firearm in Furtherance of a Crime of Violence, 18 U.S.C. § 924(c); 2. Defendants assert that Count 32 lacks specificity and fails to state an offense under Fed. R. Crim. P. 12(b)(3)(B).

An indictment satisfies constitutional requirements "if it, first, contains the element of the offense charged and fairly informs a defendant of the charge against which he must defend, and second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974). "When assessing the sufficiency of the charge, the examination focuses on the indictment itself, and not on the underlying evidence of the crime." *United States v. Landham*, 251 F.3d 1072, 1080 (6th Cir. 2001). The essential elements of the offense of 18 U.S.C. § 924(c) are: (a) that the defendant possessed a firearm; and (b) that he did so in furtherance of a crime of violence that he may be prosecuted for in a court of the United States. Count 32 alleges that defendants "did aid and abet each other and others known and unknown to the Grand Jury, and did knowingly, intentionally, and unlawfully possess[] firearms in furtherance of a crime of violence . . . that is, racketeering conspiracy as alleged in Count One . . . ."

Count 32 refers back to the RICO conspiracy charge in Count One. The Overt Acts section of Count One details dates and times when SMB members possessed firearms. For example, Graham is identified in Overt Acts 14 and 40 as possessing firearms.

> (14) On or about July 5, 2015, QUINCY GRAHAM and DIONDRE FITZPATRICK were found in Harper Woods,

> Michigan passed out in a car with a loaded .40 caliber Smith & Wesson handgun between GRAHAM's legs.
>
> (40) On or about September 22, 2014, JEROME GOOCH and QUINCY GRAHAM were found in an apartment in Charleston, West Virginia that contained approximately 330 Oxycontin pills, a loaded .45 caliber Glock handgun, and U.S. currency.

In addition to the Indictment, the government has turned over *Jencks* material and filed a Bill of Particulars as to Count 32.

Graham argues that the government bears the burden of showing that the firearm was used "in furtherance of" a crime of violence or drug trafficking crime. Mere possession of a firearm cannot form the basis for a 924(c) offense. *United States v. Ray*, 803 F.3d 244, 262 (6th Cir. 2015). "Racketeering activity" is defined to include "any threat involving murder, kidnapping, gambling, arson, robbery, bribery, extortion, dealing in obscene matter, or dealing in a controlled substance or listed chemical." "In furtherance" means that the firearm must promote or facilitate the crime of violence or drug trafficking crime. According to defendants, reference to Overt Acts that allege mere possession of a firearm, without tying it to a particular crime of violence, does not provide notice or state an offense as required by the Due Process Clause, the Sixth Amendment and Fed. R. Crim. P. 7(c).

The government's theory with regard to the 924(c) charge in Count

32 is that defendants possessed firearms in furtherance of a crime of violence, which in this case was the racketeering enterprise to commit murder, attempted murder, robbery, obstruction of justice and dealing in controlled substances. That is, the alleged racketeering conspiracy is the crime of violence (the predicate act), and the defendants aided or abetted and knowingly, intentionally and unlawfully possessed firearms in furtherance thereof.

While the Sixth Circuit did not directly address whether a racketeering conspiracy qualifies as a predicate act for a 924(c) charge, it impliedly approved of such in *United States v. Nicholson*, 2017 WL 5508537 (6th Cir. 2017). Defendants in *Nicholson* challenged their convictions under § 924(c) for using or carrying a firearm during and in relation to a crime of violence, or aiding and abetting that offense, related to a shooting committed by a co-conspirator. The court stated that to be convicted under an aiding and abetting theory, a defendant must have advance knowledge that the plan would include a firearm, but defendant did not need to know in advance that a firearm would *actually be used*. *Id*. at *7 (citing *Rosemond v. United States*, 134 S.Ct. 1240, 1249 (2014)). The government must show that the defendant "decided to join in the criminal venture . . . with full awareness of its scope . . . including its use of a firearm." *Id*. (quoting

*United States v. Johnson*, 2017 WL 3263744, at *8 (6th Cir. Aug. 1, 2017) (quoting *Rosemond*, 134 S.Ct. at 1249)). The Sixth Circuit considered the evidence presented at trial and found that it was sufficient to sustain each defendant's 924(c) conviction.

The racketeering conspiracy can be the predicate crime of violence to support a 924(c) charge such that defendants' motion to dismiss is DENIED. The burden is on the government to show at trial that defendants were part of the criminal enterprise, and were aware that it included the use of firearms to achieve its criminal purposes.

The government acknowledges that for purposes of double jeopardy, given the expansive conspiracy alleged covering the period from 2005 to 2016, it will not be able to re-charge any of the defendants with a 924(c) count for any of the firearms identified in the Indictment, the Bill of Particulars and the *Jenks* materials. For that matter, the government will likewise not be able to bring a future robbery, obstruction, murder, attempted murder or drug dealing charge against any of the defendants if it occurred during the timeframe covered by the conspiracy.

The court finds that defendants' notice objection to the indictment has been adequately addressed by the government. The court is also generally satisfied that the government has fairly informed the defendants of the

charges against them as it relates to Count 32.  Defendants' motion to dismiss for lack of specificity is DENIED.

So ordered.

Dated: January 9, 2018

s/George Caram Steeh  
GEORGE CARAM STEEH  
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 9, 2018, by electronic and/or ordinary mail.

s/Marcia Beauchemin  
Deputy Clerk

---