UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

    Plaintiff

vs.

BILLY DARRELL ARNOLD, D-01,

    Defendant.

Case No. 15-20652-1

HON. GEORGE CARAM STEEH

## THIRD STIPULATED AMENDED SCHEDULING ORDER

The unprecedented and exigent circumstances created by COVID-19 and related coronavirus health conditions have created a health emergency throughout the United States and numerous foreign countries. This has resulted in the parties being unable to complete certain tasks by the deadlines imposed pursuant to the August 31, 2020 Second Stipulated Amended Scheduling Order (ECF No. 1673, PgID.23067). As a result, the parties stipulate to extend the deadline for certain items described in the August 31, 2020 Second Stipulated Amended Scheduling Order, approximately 90 days from the deadlines imposed by that prior order. The parties also stipulate to adjourn the start of trial date *sine die*. The parties may seek further amendments of the scheduling order as may be required by the ongoing COVID-19 crisis.

Pursuant to the stipulation, the Court adopts the following amended schedule

for Defendant Billy Arnold:

1. This order does not change the deadlines imposed in Paragraphs 2-7 of the Second Stipulated Amended Scheduling Order (ECF No. 1673, PgID.23068).

2. The Government agrees to disclose all *Brady* material as soon as reasonably possible.

3. **February 15, 2021**: Deadline for the Defendant to provide notice of whether he intends to raise a claim of intellectual disability, to include any information due by March 22, 2021, if available.

4. **March 22, 2021**: Simultaneous exchange of experts either party intends to call at an *Atkins* hearing, experts' curriculum vitae, and tests either party intends to administer to the Defendant. In addition, defense counsel will provide a description of the tests, which have been administered to the Defendant by defense experts. Understanding the investigation is ongoing, either party may modify its list on notice, should either side determine based on the results of testing or investigation that additional experts or testing are required.[1]

---

[1] If the defendant chooses to raise this pretrial claim of intellectual disability, this does not waive his Fifth or Sixth Amendment protections, or his rights under Rule 12.2. Thus, no mental health information disclosed to the Government as part of a pretrial determination of intellectual disability, or the fruits of such information, may be used against Mr. Arnold unless and until he is found guilty, confirms an intent to offer expert evidence on a mental condition during a sentencing proceeding, see FRCP 12.2(c)(2), introduces expert mental health evidence at a capital sentencing proceeding, see FRCP 12.2(c)(4), and the court determines that such evidence constitutes proper rebuttal within the meaning of Rule 12.2 and the 5th and 6th Amendments. The Defendant therefore agrees that all discovery contemplated by this Order will be turned over to Government trial counsel of record and that firewall counsel is not necessary for the *Atkins*- related proceedings contemplated by this Order.

5. **April 2, 2021**: Deadline for Defendant to file any motion challenging the Notice of Intent, Special Findings and aggravating factors, and any motion raising an "as applied" challenge.

6. **April 2, 2021**: Deadline for Defendant to file any Notice required under Rule 12.2(a) and (b)(1). If Defendant files a Notice under Rule 12.2(a) and/or (b)(1), the parties will submit a supplemental scheduling order by February 19, 2021, setting deadlines for the exchange of experts and experts reports.

7. **April 9, 2021:** Deadline for Government to file Notice of Intent to offer evidence under Federal Rules of Evidence 404(b).

8. **April 12, 2021**: Deadline for filing motions regarding juror selection process.

9. **April 12, 2021:** Deadline for parties to exchange proposed Jury Questionnaires.

10. **April 14, 2021**: Deadline for Defendant's objections regarding the Government's proposed tests, scope of the interview of Defendant and procedures to be followed during testing related to intellectual disability.

11. **April 20, 2021**: Deadline for Government's response to Defendant's objections to proposed tests, scope of interview and procedures to be followed during testing related to intellectual disability.

12. **April 20, 2021**: Deadline for Government's response to any

2

motions filed under paragraph 5.

    13.    **April 23, 2021:** Deadline for Defendant's response to Government's Notice of Intent under paragraph 7.

    14.    **April 26, 2021**: Deadline for parties to submit agreed upon Jury Questionnaire and each party's disputed questions to the Court. The Court will set a hearing if necessary, to decide the disputed questions.

    15.    **April 27, 2021**: Argument and/or hearing on Defendant's objections to proposed tests, scope of interview and procedures to be followed during testing related to intellectual disability.

    16.    **May 28, 2021**: Completion of Government's intellectual disability testing.

    17.    **June 1, 2021**: Deadline for parties to make disclosures regarding non-mental health experts under Fed. R. Crim. P. 16(a)(1)(G) and 16(b)(1)(C).

    18.    **June 14, 2021**: Deadline for parties to make disclosures regarding non-mental health experts in response to disclosures submitted under paragraph 28.

    19.    **June 21, 2021:** Simultaneous exchange of expert reports and materials relied upon by those experts with respect to the issue of intellectual disability, consistent with Rule 16(a)(1)(F)&(G) (Government disclosure) and Rule

16(b)(1)(B)&(C) (Defense disclosure), including all underlying raw data, names of witnesses spoken to by experts with respect to the claim of intellectual disability and records related to the claim of intellectual disability.

20. **June 22, 2021:** Deadline for parties to submit a joint statement, setting forth points of agreement and disagreement, regarding the nature and timing of disclosures pertaining to the penalty phase, including disclosures pursuant to Federal Rule of Criminal Procedure 12.2(b)(2) and 16.

21. **July 6, 2021**: Deadline for Defendant to file a motion based on an *Atkins* claim.

22. **July 19, 2021**: Deadline for Government's response to *Atkins* Motion.

23. **July 26, 2021**: Oral argument (if necessary) and rebuttal reports on *Atkins* motion (if necessary).

24. **August 2, 2021**: Any evidentiary hearing on *Atkins/Hall* claim begins.

25. **August 2, 2021**: Deadline for all other motions not otherwise mentioned in this scheduled to be filed, including motions *in limine*.

26. **August 16, 2021**: Deadline for responses in opposition to motions filed under paragraph 25.

27. **August 23, 2021**: Deadline for replies in support of motions

filed under paragraph 25.

28. **August 24, 2021:** Deadline for Government to file Notice of Intent to offer evidence under Federal Rules of Evidence 609 and 807.

29. **September 7, 2021**: Government's preliminary deadline to provide a production of identifying information for unindicted or unnamed co-conspirators involved in any murder or attempted murder in furtherance of the RICO conspiracy.

30. **September 8, 2021**: Deadline for Defendant's response to Government's Notice of Intent under paragraph 28.

31. **6 weeks before jury selection:** Government's preliminary deadline to provide *Jencks/Giglio* information as to law enforcement witnesses.

32. **5 weeks before jury selection**: Deadline for parties to submit proposed jury instructions, joint statement regarding the jury questionnaire, witness lists and exhibit lists.

33. **4 weeks before jury selection:** Government's final deadline to provide a production of identifying information for unindicted or unnamed co-conspirators involved in any murder or attempted murder in furtherance of the RICO conspiracy.

34. **4 weeks before jury selection**: Government's final deadline to provide *Jencks/Giglio* information as to all witnesses.

2

35.     **1 week before jury selection**: Final pre-trial conference and plea cutoff date.

36.     **Date to be determined.** Jury trial begins with jury selection.

37.     **Approximately 8 weeks after jury selection begins:** Opening statements and witness testimony begin.

**SO ORDERED.**

Dated:  November 30, 2020                s/George Caram Steeh
                                         GEORGE CARAM STEEH
                                         United States District Judge

**IT IS SO STIPULATED.**


MATTHEW SCHNEIDER
United States Attorney


*s/ A. Tare Wigod*                       *s/ Maria P. Mannarino(with consent)*
A. Tare Wigod Assistant U.S.             Maria P. Mannarino
Attorney                                 500 Griswold, Suite 2450
211 W. Fort Street, Suite 2001           Detroit, MI 48226
Detroit, MI 48226                        (248) 761-7347
(313) 226-9191                           mmannarino@comcast.net
Tare.wigod@usdoj.gov                     Counsel to D-1 Billy Arnold


*s/ Rajesh Prasad*                       *s/ Eric K. Koselke (with consent)*
Rajesh Prasad                            Eric K. Koselke
Assistant United States Attorney 211     320 N. Meridian St. #506
W. Fort Street, Suite 2001               Indianapolis, IN  46204
Detroit, MI 48226                        (317) 722-2591
(313) 226-0821                           ekoselke711@gmail.com
rajesh.prasad@usdoj.gov                  Counsel to D-1 Billy Arnold

| | |
|---|---|
| s/ Mark Bilkovic | s/Richard M. Jasper, Jr.(with consent) |
| Mark Bilkovic | Richard M. Jasper, Jr. |
| Assistant United States Attorney 211 W. Fort Street, Suite 2001 | Law Office of Richard Jasper 276 Fifth Ave., Suite 501 |
| Detroit, MI 48226 | New York, NY 10001 |
| (313) 226-9623 | (212) 689-3858 |
| Mark.bilkovic@usdoj.gov | ricjasp@aol.com |
| | Counsel to D-1 Billy Arnold |

November 27, 2020

Distribution: Parties of record