UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                      Case No. 15-20652-1

vs.

                                      HON. GEORGE CARAM STEEH

D- BILLY ARNOLD,

        Defendant.
_____/

OPINION AND ORDER CONTINUING
APPOINTMENT OF COUNSEL [DOC. 1764]

This matter is before the court on the motion of Maria Mannarino to continue the appointment of Eric Koselke and Richard Jasper as co-counsel for defendant Billy Arnold. Arnold was initially arrested and charged with felon in possession of a firearm on September 26, 2015 and Ms. Mannarino was appointed to represent him on September 29, 2015. The government filed its second superseding indictment on February 17, 2016, which charged Arnold with death penalty eligible offenses. Mr. Koselke was appointed as learned counsel for Arnold shortly thereafter, on March 30, 2016. The government filed a Notice of Intent to Seek Death Penalty against Arnold on January 8, 2018. The Court appointed Mr. Jasper as second learned counsel to represent Arnold on May 31, 2018.

- 1 -

Ms. Mannarino, Mr. Koselke and Mr. Jasper ("Arnold's legal team") engaged in extensive discovery and worked diligently to seek reconsideration of the Attorney General's decision to pursue the death penalty against Arnold. On September 13, 2021 their efforts resulted in the government filing its Notice of Withdrawal of Intent to Seek the Death Penalty. Ms. Mannarino moves to continue the appointment of both of her learned co-counsel under 18 U.S.C. § 3006A and the CJA Guidelines-Guide, Vol. 7A, Chapter 6. Section 630.30 of the Guidelines addresses the Court's consideration of the number of counsel and the rate of compensation of learned counsel appointed in a case in which it is subsequently determined that the death penalty will not be sought.

In deciding whether there are extenuating circumstances to support the continuation of the appointment of learned counsel, the Court is to consider: (1) the need to avoid disruption of the proceedings; (2) whether the decision not to seek the death penalty came late in the litigation; (3) whether the case is unusually complex; and (4) any other factors that would interfere with the effective representation of the defendant. § 630.30.20(b).

In this case, the Court believes substantial weight should be given to the significant attorney-client relationships that all three counsel have developed with Arnold. Each attorney described a distinct relationship and role they have with Arnold. In the Court's assessment, disruption of

Arnold's legal team, which has earned the trust of both Arnold and his family, would delay proceedings and fundamentally interfere with the effective representation of defendant.

Over five years have elapsed between the second superseding indictment, which charged Arnold with death penalty eligible offenses, and the government ultimately withdrawing the notice of intent to seek the death penalty. During that time, learned counsel has been engaged in the role of convincing the Attorney General to consider, and then to reconsider, its decision to seek the death penalty against Arnold. Simultaneously, Arnold's legal team has received voluminous discovery, filed numerous pre-trial motions, and monitored two lengthy trials of Arnold's conspiracy co-defendants. The fact that the ultimate decision not to seek the death penalty came late in the litigation weighs in favor of continuing the appointment of learned counsel.

Finally, the case against Arnold is unusually complex. Arnold is charged in the Ninth Superseding Indictment with 19 counts, including a complex RICO conspiracy based on 77 overt acts and comprising 21 defendants. In addition to acts undertaken in the conspiracy, Arnold is directly charged with the murders of two people and the attempted murders of 8 people, carried out on four separate dates. The intricacy of the conspiracy count, and the fact that Arnold must defend against accusations

as to factually distinct allegations of murder and attempted murder, warrant the retention of learned counsel. In addition, in appointing two learned counsel to Arnold's legal team, the Court considered that the government was represented by at least three lawyers. The fairness of continuing the appointment of three lawyers to Arnold's legal team persists, as at least the same number of lawyers continues to participate in the litigation on behalf of the government.

The Court finds that the Guideline factors favor continuing the appointment of Mr. Koselke and Mr. Jasper through trial in this matter. The CJA Guidelines provide that, absent extenuating circumstances, the court should reduce the compensation rate of any learned counsel remaining on the case when the death penalty is not sought.  § 630.30.30(a). The Court determines that circumstances in this case are such that counsels' appointment will be continued at the standard CJA rate for non-death penalty cases.

For the reasons stated in this opinion and order, the motion to continue the appointment of Mr. Koselke and Mr. Jasper as co-counsel is granted.

Dated:  October 4, 2021

                                                            s/George Caram Steeh
                                                            GEORGE CARAM STEEH
                                                            UNITED STATES DISTRICT JUDGE