UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                    Case No. 15-20652
                                    Case No. 20-20187

vs.

                                    HON. GEORGE CARAM STEEH

BILLY ARNOLD, D-1,

        Defendant.
_____/

ORDER GRANTING IN PART AND DENYING IN PART GOVERNMENT'S MOTION TO CONSOLIDATE AND JOINING CASES FOR TRIAL

    This matter is before the court on the government's motion to consolidate the following two cases for purposes of trial: *United States v. Billy Arnold*, 15-cr-20652 (ECF No. 1783), and *United States v. Billy Arnold*, 20-cr-20187 (ECF No. 9). Defendant does not oppose the motion.

    On January 3, 2018, a federal grand jury returned a Sixth Superseding Indictment against Billy Arnold and 20 other defendants. Arnold was charged with multiple counts, including attempted murder in aid of racketeering (Count 25), assault with a dangerous weapon in aid of racketeering (Count 26), and use and carry of a firearm during and in relation to a crime of violence (Count 27). These counts relate to the May

10, 2015 shooting of D.P., D.C. and J.G. The May 10, 2015 shooting is also an overt act in furtherance of the RICO conspiracy in Count One. Case No. 15-20657

On July 22, 2019, Arnold filed a motion to dismiss counts 25, 26, and 27 on the ground that they were duplicitous because they listed multiple victims in a single count (15-20652, ECF No. 1462). On November 7, 2019, the Court granted Arnold's motion to dismiss counts 25, 26, and 27 on the basis that the information in the counts were duplicitous, noting that the government intended to obtain a superseding indictment. The dismissal was without prejudice.

On June 10, 2020, a federal grand jury returned an indictment against Arnold that encompassed previously dismissed counts 25 and 27.[1] (20-cr-20652, ECF No. 2). Then, on August 5, 2020, a federal grand jury returned the Ninth Superseding Indictment against Arnold. (15-20652, ECF No. 1665). This indictment did not include the previously dismissed Counts 25 and 27 because those counts were already contained in the corresponding indictment secured on June 10, 2020. The Court understands that the reason a separate indictment was secured, rather than covering all of the

---

[1] The government elected not to include count 26 - assault with a dangerous weapon in aid of racketeering in the new indictment.

allegations in one superseding indictment, was due to the fact that the grand jury was sitting infrequently during the Covid-19 pandemic.

Rule 13 of the Federal Rules of Criminal Procedure provides that "[t]he court may order that separate cases be tried together as though brought in a single indictment or information if all offenses and all defendants could have been joined in a single indictment or information." In this case all the offenses could have been brought in a single indictment. Furthermore, the Court finds that joinder of these cases for trial will promote docket and trial efficiency.

The Court construes the government's motion as a motion for joinder for purposes of trial. Although these two cases are not consolidated, they are related and will be scheduled on the same track and tried together. All orders entered by the Court will include both case numbers and will be entered on both dockets. The parties are directed to do the same.

IT IS HEREBY ORDERED that the government's motion to consolidate the case numbers listed in the caption of this Order (15-cr-20652, ECF No. 1783) and (20-cr-20652, ECF No. 9) is GRANTED IN PART AND DENIED IN PART. The request to consolidate the two cases is DENIED and the request to join the two cases for trial is GRANTED.

IT IS HEREBY FURTHER ORDERED that all orders and pleadings are to include both case numbers and are to be entered on both dockets.

So ordered.

Dated: July 18, 2022

                                        <u>s/George Caram Steeh</u>
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE