UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                       CRIMINAL NO. 15-cr-20652
                                            CRIMINAL NO. 20-cr-20187

vs.                                             HON. GEORGE CARAM STEEH
                                             United States District Judge

D-1   BILLY ARNOLD,
        a.k.a. "B-Man",
        a.k.a. "Berenzo,"
        a.k.a. "Killa,"

        Defendant.
_____/

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO CONTINUE TRIAL DATE

The United States of America, by and through its attorneys, DAWN N. ISON, United States Attorney, A. Tare Wigod, Mark Bilkovic, and Raj Prasad, Assistant United States Attorneys, hereby responds as follows to defendant's motion to continue trial date:

On August 24, 2022, the Court entered a Ninth Stipulated Amended Scheduling Order. (15-cr-20652 ECF No. 1802, PageID. 24062-24065). The Order provided that the government would provide a final witness list to the defense by September 6, 2022. The Order also provided that the government could amend its

witness list only by stipulation or with the Court's permission. On August 2, 2022, the government provided the defense with a preliminary witness list that identified 180 witnesses. On September 6, 2022, the government provided the defense with its final witness list that was divided into two parts. The first part identified 166 witnesses. The second part identified 111 witnesses. Of those 111 witnesses, approximately 86 are law enforcement witnesses and 12 are either record custodians or forensic chemists that the parties have discussed stipulating to. The government noted on its final witness list, and advised defense counsel, that the additional law enforcement witnesses were only listed in the event that a witness that the government intended to call was unavailable or had some other issue that prevented his/her testimony. In other words, they were, for the most part, "swap-out" witnesses. The "swap-out" witnesses' testimony are based on the same reports and discovery previously provided to the defense.

There is no reason for defense counsel to prepare cross-examination of witnesses that the government does not intend to call as a witness absent an unforeseen circumstance, especially where that witness will only testify about the same events that the unavailable witness was going to testify about. Furthermore, prior to the motion to continue the trial date was filed, government counsel advised defense counsel that this week the government would provide to the defense a list of witnesses it intends on calling at trial, in the general order that they will be called,

with the understanding that a some of those witnesses may need to be replaced with other witnesses. The government can provide this list by September 16, 2022. The government also intends on providing a list of witnesses each Friday during trial that the government intends on calling the following week.

In the trial of several co-defendants that concluded in August 2018, the government called approximately 125 witnesses. In this case, the government anticipates that it will call approximately 100-110 witnesses at trial. And the government estimates that at least half of those witnesses have previously testified at trial on the same subject matter of their current anticipated testimony. Thus, counsel for defense have at least one, possibly two, transcripts of prior testimony of over half of the government's witnesses. Under the circumstances, there is no basis for the requested continuance.

Further, the Ninth Amended Scheduling Order listed September 6, 2022, as a deadline for the government to provide final *Jencks*/*Giglio* to the defense. On September 6, 2022, the government provided additional *Jencks*/*Giglio* material to the defense. Therefore, these additional materials were timely provided. The government did provide additional materials to the defense on September 10, but these materials largely related to a witness who has already testified at two previous trials and merely supplemented information on an issue on which the government has previously tendered discovery. And finally, the government advised defense

counsel that it would not be calling that particular witness during the first two weeks of trial.

WHEREFORE, the government requests that this Court deny defendant's motion to continue trial.

DAWN N. ISON
United States Attorney

/s/ *Tare Wigod*
A. TARE WIGOD
Assistant United States Attorney
211 W. Fort St., Suite 2001
Detroit, MI 48226
Phone: (313) 226-9191
tare.wigod@usdoj.gov
P58479

/s/ *Mark S. Bilkovic*
MARK S. BILKOVIC
Assistant United States Attorney
211 W. Fort St., Suite 2001
Detroit, MI 48226
Phone: (313) 226-9623
mark.bilkovic@usdoj.gov
P48855

/s/ *Rajesh Prasad*
RAJ PRASAD
Assistant United States Attorney
211 W. Fort St., Suite 2001
Detroit, MI 48226
Phone: (313) 226-0821
Rajesh.prasad@usdoj.gov
P68519

September 12, 2022

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 12, 2022, the foregoing document was electronically filed by an employee of the United States Attorney's Office with the Clerk of the Court using the ECF system, which will send a copy to the applicable attorneys of record.

*s/ A. TARE WIGOD*
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
Phone: (313) 226-9191
Fax: (313) 226-5464
tare.wigod@usdoj.gov
P58479